UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE<br>UNITED STATES OF AMERICA FOR<br>AN ORDER PURSUANT TO<br>18 U.S.C. § 3512<br><br>Request from Chile for Assistance in a<br>Criminal Matter: Jose Miguel Lira Lopez | MISC. NO. _____ |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Teresita B. Mutton, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from Chile. In support of this application, the United States asserts:

RELEVANT FACTS

1.  On November 20, 2015, the General Prosecutor's Office submitted a request for assistance (Request) to the United States, pursuant to the Inter-American Convention on Mutual Assistance in Criminal Matters, Aug. 27, 1992 - Feb. 28, 2006, S. Treaty Doc. No. 105-25 (hereinafter, the "Treaty"). As stated in the Request, the Central North Metropolitan Region Prosecutor's Office is investigating three criminal offenses, specifically, forgery and malicious use of a private instrument, fraud, and bank fraud, which occurred between in or about 2014 and

2015, in violation of the criminal law of Chile, namely, Articles 160, 193, 197, 198, 467, and 468 of the Chilean Criminal Code. A copy of the applicable law is included as Attachment A to this application. Under the Treaty, the United States is obligated to render assistance in response to the Request.

2. According to information obtained by Chilean authorities from LG Electronics Inc. Chile Limitada (LG), in or about February 2005, attorney Jose Miguel Lira Lopez (Lopez) began working at LG as the head of its legal Department. By virtue of his position, Lopez was tasked with ensuring all of LG's operations complied with the relevant laws in force. Approximately six years later, pursuant to public deed dated on or about April 28, 2011, LG expanded Lopez's authority within the company to include the ability to represent LG's interest in all business dealings (2011 authority). One year later, through public deeds dated on or about June 19, 2012, and June 25, 2012, LG expanded Lopez's authority again to include the ability to represent LG before commercial banks, as well as to enter into civil and commercial contracts on LG's behalf (2012 authority).

3. Shortly thereafter, LG's partners reassigned Lopez's 2011 and 2012 authorities to LG's Chief Executive Officer and the Chief Financial Officer. As a result, Lopez's role at LG was restricted to overseeing LG's legal compliance only. In or about December 2014, LG terminated Lopez and formalized a corresponding severance agreement on or about January 2, 2015.

4. Unbeknownst to LG, however, Lopez continued to represent LG in business dealings. For example, bank records obtained by Chilean authorities reveal Lopez obtained four bank loans, purportedly on behalf of LG, totaling approximately US$2,845,330, between on or about August 5, 2014 and December 26, 2014, from Tanner Servicios Financieros S.A. A copy

of a "Instructions and Power to Draft" form provided by Lopez to Tanner Servicios Financieros confirms Lopez instructed the bank to transfer the loans to various third-party bank accounts, to include a brokerage account at Banco Santander held by brokerage firm Intervalores Corredores de Bolsa for a third-party with no apparent relation to LG. Records obtained from Intervalores Corredores de Bolsa confirm that (1) Lopez was not a client; and (2) loan funds received from Tanner Servicios Fiancieros were transferred immediately, pursuant to the account holder's instructions, into various accounts held in the United States, Peru, and Chile, to include account number XXX7238 at Harris Bank N.A. and account numbers XXXXXX8462 and XXXXXXXXX7473 at Wells Fargo Bank.

5.     To further the investigation, authorities in Chile have asked U.S. authorities to provide bank records from Harris Bank, pertaining to account number XXX7238, and Wells Fargo Bank, pertaining to account numbers XXXXXX8462 and XXXXXXXXX7473.

## LEGAL BACKGROUND

### The Treaty

6.     A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

7. The United States and Chile entered into the Treaty to promote more effective cooperation and assistance between the parties in criminal matters. See Treaty pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 7. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 10 ("Requests for assistance issued by the requesting state . . . shall be executed in accordance with the domestic law of the requested state.")[1]

## 18 U.S.C. § 3512

8. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \* \* \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \* \* \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign

---

[1] Chilean authorities have not asked U.S. authorities to keep the Request confidential. Accordingly, the United States is not seeking authorization to issue a non-disclosure order, nor is it seeking an order to seal the court file.

4

>authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9.  Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

10. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[3] Upon such a duly authorized

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

11.  Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A copy of a "Commissioner Subpoena" is included as Attachment B.

---

[4] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

## REQUEST FOR ORDER

12. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the General Prosecutor's Office, the designated Central Authority in Chile for requests made pursuant to the Treaty, and seeks assistance in the investigation of forgery and malicious use of a private instrument, fraud, and bank fraud – criminal offenses in Chile. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, this application was properly filed in the District of Columbia.

13. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty, likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493

U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipients of the commissioner subpoenas.

14. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Teresita B. Mutton, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently

designated by the Office of International Affairs) as a commissioner and authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoenas, to obtain the evidence requested in a form consistent with the intended use thereof.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

        TRACEY S. LANKLER
        ASSOCIATE DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        District of Columbia Bar Number 449276

By: _/s/ Teresita B. Mutton_
        Teresita B. Mutton
        Trial Attorney
        District of Columbia Bar Number 983152
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W., Suite 800
        Washington, D.C. 20530
        (202) 305-4243 telephone
        Teresita.Mutton@usdoj.gov